RAJAH AUTO SUPPLY CO. v. REX IGNITION MFG. CO.

(District Court, S. D. New York. November 19, 1913.)

No. 77.

PATENTS (§§ 216, 259*) — CONTRIBUTORY INFRINGEMENT — VIOLATIONS OF RESTRICTIONS ON USE OF ARTICLE.

A notice placed on the packages in which a patented article is sold imposing as a condition of the sale a requirement that no parts not made by the seller shall be substituted for those sold, under penalty of infringement of the patent, is lawful and enforceable, and one who with knowledge of such restriction sells parts to be resold and used in violation of it is chargeable with contributory infringement.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 329, 400–402; Dec. Dig. §§ 216, 259.*]

In Equity. Suit by the Rajah Auto Supply Company against the Rex Ignition Manufacturing Company. On motion for preliminary injunction. Motion granted.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Newell & Neal, of New York City, for complainant.
Munn & Munn, of New York City, for defendant.

WARD, Circuit Judge. The complainant manufactures under letters patent of the United States a spark plug known as the "Rajah Spark Plug." The defendant manufactures a spark plug known as the "Rex." Each of these plugs contains a porcelain shank. The defendant's shank can be used in the Rajah, as well as in a large variety of other plugs. The complainant does not contend that the defendant's plug infringes its patent, nor that the defendant may not sell porcelain shanks, even if they can be used in the Rajah plug. The complainant seeks to hold the defendant as a contributory infringer on the ground that it sells the Rex porcelains knowing that they are intended to be used in the Rajah plug, in violation of the license under which that plug is sold.

The defendant denies that this is done, but I am satisfied that in several instances its agents have done this deliberately. It is no defense to the defendant to say that it has told its agents not to do so. Such reasoning would soon make an end of the principle of respondeat superior. The defendant further offers in evidence a number of letters signed by its superior officers to show their good faith. These make exactly the contrary impression upon me. The officers reply to persons ordering Rex porcelains for the express purpose of substituting them for Rajah porcelains substantially:

"We do not claim that our porcelains fit the Rajah plugs but we send you a sample to see if it meets your requirements and if so will be glad to fill your order."

This strikes me as a palpable indirection.

Finally, the defendant contends that the license accompanying the sale of the Rajah plugs is void, and therefore that it has an absolute right to sell Rex porcelains even with knowledge that the purchaser intends to use that in Rajah plugs. The complainant sells its plugs inclosed in cartons, on the outside of which is printed the following:

"Notice.—In order to insure the proper operation of the 'Rajah' spark plug, each plug is sold only under the express condition that no porcelain, bushing or shell, except that sold by the Rajah Auto Supply Company of New York, shall be substituted, or sold for substitution in the same. Further, that any violation of this condition shall constitute an infringement of United States patent No. 825,856, and that failure to immediately return said plug shall constitute an acquiescence by the purchaser in the above conditions."

The motion is to be decided in favor of the complainant or in favor of the defendant according as the situation is found to be within the case of Henry v. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, or within the case of Bauer v. O'Donnell, 229 U. S. 1, 33 Sup. Ct. 616, 57 L. Ed. 1041.

I think the sale in question is not an absolute sale, but a sale accompanied by restriction of the right to use, exactly like the license sustained in the Henry Case. In it, it is true that the court commented upon the fact that the Dick Company sold its mimeograph at cost, looking for its profit to the sale of the paper and ink which the pur-

chaser was obliged by the license agreement to buy of it. The court pointed out that the condition was a reasonable one. The Rajah plugs, on the other hand, are sold at a price which includes the complainant's full profit. The Henry Case, however, was not made to depend on any such distinction, but upon the right of a patentee to restrict the use of his product, even in the case of a sale.

In the subsequent Bauer Case the court held that a restriction as to the price at which a patented article shall be sold is not a limitation as to the use of it and that in such a case the sale is absolute and the restriction invalid. In this way the case was distinguished from the prior decision.

In view of the marked diversity of opinion among the judges of the highest court in these two cases, an inferior court cannot be confident. The defendant very truly suggests in its brief that on the evidence before the court, if an injunction is granted, it may as well be a final one. If the parties agree on this point, a final injunction will be issued. In the meantime the motion for a preliminary injunction is granted.